IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00207-CR

 

Jimmy Parr,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2003-667-C2

 



MEMORANDUM  Opinion



 

            Appellant was convicted by a jury of
the felony offense of robbery.  He pled true to an enhancement paragraph and
the jury assessed his punishment at confinement in the institutional division
for a period of 17 years and assessed a $1,000 fine.  He appealed.

            Appellant and his co-defendant followed
the victim from an ATM to her apartment.  When she stepped out of her car, they
approached her on foot.  Appellant grabbed her purse, and when she refused to
release it, he held a gun to the side of her neck and took the purse.  The gun
was later determined to be a BB gun.  The sufficiency of the evidence is not
challenged.

            Appellant raises two issues on
appeal.  First, that his bond was improperly raised during trial, and second,
that he was denied a complete Batson hearing at which he could cross-examine
the prosecutor regarding his reasons for exercising peremptory strikes against
two African–American venire members.  We overrule the first issue and abate the
appeal for the trial court to complete the Batson hearing.

            During the trial, the court became
concerned about the sufficiency of the appellant’s bond.  After a hearing at
which a witness testified that appellant had threatened him and his family, the
court raised appellant’s bond from $10,000 to $75,000, and he was placed into
custody for the remainder of the trial.  Appellant contends that this action
constituted an abuse of the trial court’s discretion.  While the amount of bond
set by a trial court can be appealed prior to trial, once a defendant is
convicted, any complaint about that bond becomes moot.  Martinez v.
State, 826 S.W.2d 620 (Tex. Crim. App. 1992).  Appellant’s issue here is
similarly moot and is accordingly overruled.

            In his second issue, appellant
complains that he was not given an opportunity to cross-examine the prosecutor
after he offered his race–neutral reasons for striking two African–American
venire members.

            After both sides had turned in their
lists of peremptory strikes, but before the jury was seated and sworn,
appellant objected to the state’s striking of two African–American jurors, Nos.
31 and 28.  The court then asked for the state’s response.  The prosecutor then
offered as reasons for striking No. 31 that her husband had a criminal history
and that her answer to one specific question indicated that she had been
involved in “situations” in the past.  As for No. 28, the state said they
struck him because he had not revealed a prior DWI conviction.  After each
explanation, the trial court stated that the Batson challenge was
denied.  Appellant’s attorney then requested a hearing on the “third phase of
the Batson trial,” which, under questioning from the judge, he explained
as cross-examining the prosecutor.  The judge denied that request and proceeded
with the trial.

            The exclusion of a venire-member based
on race violates the Equal Protection Clause.  Batson v. Kentucky, 476
U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).  Once a Batson challenge
is made, there is a three-step procedure that the trial court employs to
determine the validity of the challenge.  First, the defendant must establish a
prima facie showing of purposeful discrimination by the prosecutor. 
Second, once the prima facie case is made, the prosecutor must come
forward with a race-neutral reason for the peremptory challenge.  Finally, once
the prosecutor offers such an explanation, the defendant must rebut the
explanation by showing that it is a mere pretext for an improperly motivated
action.

            An integral part of the Batson
procedure is the right to cross-examine the prosecutor once he has stated his
racially neutral reason for challenging the jury.  Salazar v. State, 795
S.W.2d 187, 192-93 (Tex. Crim. App. 1990).  The Salazar court explained:

Cross-examination is necessary in a Batson
hearing because once the State has met its burden of coming forward with
neutral explanations for its peremptory strikes, the burden to show purposeful
discrimination shifts back to the defendant to impeach or refute the neutral
explanation or show that it is merely a pretext.

 

 Id. at 192 (citations omitted).

            In the instant case, the trial court
made an implicit finding that a prima facie case had been made when he
requested the State to respond and then heard their two race–neutral
explanations.  After each of those explanations, he denied the challenge. 
Appellant’s trial attorney then requested a hearing on the “third phase of the Batson
trial.”  After clarifying that the defense attorney wanted to cross-examine
the prosecutor on the stand, the trial court refused to allow it.  This action
violated the holding of Salazar.

            The proper remedy for a violation of
the procedures for a Batson hearing is to abate the appeal and remand
the case to the trial court to conduct a further hearing.  Guzman v. State,
85 S.W.3d 242, 255 (Tex. Crim. App. 2002).  Consequently, we abate the appeal
and remand the case to the trial court to conduct a further Batson
hearing which, at a minimum, will provide the appellant an opportunity to
cross-examine the prosecutor.

            The appeal is abated.

 

                                                                                                KEN
ANDERSON

                                                                                                District
Judge

 




Before
Chief Justice Gray, 

            Justice
Vance, and

Judge Anderson[1]

            (Chief
Justice Gray dissenting)

Abated

Opinion
delivered and filed November 5, 2008

Do
not publish

[CR25]








 









[1]  Ken Anderson, Judge of the 277th District Court
of Williamson County, sitting by assignment of the Chief Justice of the Texas
Supreme Court pursuant to section 74.003(h) of the Government Code.